# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles 9/06/2023 10:19 AM David W. Slayton, Executive Officer/Clerk of Court, By E. Galicia, Deputy Clerk

ADAM REISNER, ESQ., (State Bar No. 204351)
TESSA KING, ESQ., (State Bar No. 251408)
ZACHARY WAGNER, ESQ. (State Bar No. 345784)
**REISNER & KING LLP**
15303Ventura Blvd., Suite 1260
Sherman Oaks, California 91403
Phone: (818) 981-0901
Fax: (818) 981-0902

Attorneys for PLAINTIFF **GABRIELA CORTEZ**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| GABRIELA CORTEZ,<br><br>Plaintiff,<br><br>vs.<br><br>BURBERRY LIMITED., a corporation; ANA FRAGOSO, an individual; and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No.: 23STCV21363<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) ACTUAL/PERCEIVED DISABILITY HARASSMENT, VIOLATION OF CAL. GOV. CODE §§ 12940 ET SEQ.;**<br><br>**(2) ACTUAL/PERCEIVED DISABILITY DISCRIMINATION, VIOLATION OF CAL. GOV. CODE §§ 12940 ET SEQ.;**<br><br>**(3) ACTUAL/PERCEIVED DISABILITY RETALIATION, VIOLATION OF CAL. GOV. CODE §§ 12940 ET SEQ.;**<br><br>**(4) FAILURE TO ENGAGE IN THE MANDATORY GOOD-FAITH INTERACTIVE PROCESS, CAL. GOV. CODE § 12940 ET SEQ.;**<br><br>**(5) FAILURE TO ACCOMMODATE, CAL. GOV. CODE § 12940 ET SEQ.;**<br><br>**(6) VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT CAL.GOV. §§12945.2 ET SEQ.;**<br><br>**(7) FOR VIOLATION OF THE CALIFORNIA PREGNANCY** |

**DISABILITY LEAVE LAW ("PDLL"), CAL. GOV. CODE § 12945;**

**(8) SEX/GENDER HARASSMENT, VIOLATION OF CAL. GOV. CODE §§ 12940 ET SEQ.;**

**(9) SEX/GENDER DISCRIMINATION, VIOLATION OF CAL. GOV. CODE §§ 12940 ET SEQ.;**

**(10) SEX/GENDER RETALIATION, VIOLATION OF CAL. GOV. CODE §§ 12940 ET SEQ.;**

**(11) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**(12) FAILURE TO PREVENT AND INVESTIGATE HARASSMENT, DISCRIMINATION, OR RETALIATION, CAL. GOV. CODE §§ 12940 ET SEQ.**

**JURY TRIAL DEMANDED**

COMES NOW PLAINTIFF GABRIELA CORTEZ (hereinafter referred to as "CORTEZ" or "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, as follows:

**I.**

**FIRST CAUSE OF ACTION**

**For Actual/Perceived Disability Discrimination in Employment**

**[California Government Code §§ 12940 et seq.]**

**Against All Defendants & DOES 1 Through 100, Inclusive**

1. This court has jurisdiction over the claims alleged herein. The relief requested is within the jurisdiction of this court.

2. Venue is proper in the County of Los Angeles as Defendants reside in and/or conduct services and employ individuals in Los Angeles.

3. At all times mentioned herein, Plaintiff was, and now is, an individual residing and/or domiciled in the County of Los Angeles, State of California.

4. Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Burberry Limited, (hereinafter referred to as "Burberry" and collectively with all other Defendants as "Defendants") was, and now is, a valid business, and/or government entity of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Los Angeles, State of California. At all times relevant to this action, Defendant Burberry was an employer of Plaintiff.

5. Plaintiff is informed and believes, and thereon alleges that at all times relevant herein, Defendant Ana Fragoso (hereinafter "Defendant Fragoso" and collectively with all other Defendants as "Defendants"), was, and now is, an individual domiciled in the County of Los Angeles, and was a Manager, Officer, Shareholder, Director, Supervisor, Manager, Managing Agent, Owner, Principal, and/or Employee of Defendant Burberry and/or DOES 1 through 100, and each of them.

6. Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused disabilities and damages proximately thereby to that Plaintiff, as hereinafter alleged.

7. Plaintiff is informed, believes, and thereon alleges that each of the Defendants named herein has, at all times relevant to this action, been the officer, agent, employee and/or representative of the remaining Defendants and has acted within the course and scope of such agency and employment, and with the permission and consent of the co-defendants.

8. Plaintiff is informed, believes, and herein also alleges that at all times relevant herein, Defendants Fragoso and Burberry, and DOES 1 through 100, were used merely as shells, instrumentalities, and/or conduits of one another and by which the others were doing business and/or were successors in interest and/or joint employers and/or alter egos.

9. Plaintiff is further informed and herein alleges that despite the formation of purported corporate existence, Defendants Burberry, Fragoso and DOES 1 through 100, are in reality, one and the same thing.

10. Plaintiff is informed and believes, and herein further alleges, that the business affairs of Defendants Burberry, Fragoso and DOES 1 through 100, are, and at all times relevant hereto, were, so mixed and intermingled that the same cannot reasonable be segregated, and the same are in inextricable confusion.

11. Plaintiff began her employment with Burberry in or around April 2018 as a Sales Associate until her wrongful termination on or around March 29, 2021.

12. At all times relevant herein, Plaintiff was an employee disabled by an actual and/or perceived disability, including pregnancy and back, among other related conditions and/or disabilities, Plaintiff was a member of a protected class pursuant to the Fair Employment & Housing Act.

13. At all times relevant times herein, Defendants were on notice of Plaintiff's disabilities, need for accommodations, and/or need for legally protected medical leave and/or perceived Plaintiff as having disabilities and/or disabilities in the future.

14. At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: pregnancy, a severe injury to her back, among other related conditions and/or disabilities.

15. On severe and/or pervasive basis, Defendants and DOES 1 through 100, and each of them, harassed Plaintiff due to and substantially motivated by Plaintiff's actual and/or perceived

disabilities, pregnancy, need for maternity leave and subjected Plaintiff to a hostile work environment through the following actions, among others on a severe and/or pervasive basis:

a) Plaintiff successfully worked her regular schedule remotely from home all throughout her entire pregnancy—up until approximately two (2) days prior to giving birth.

b) On or around June 24, 2020, Plaintiff went on approved maternity leave.

c) While Plaintiff was on maternity leave, Defendant Burberry, to harass Plaintiff on a severe and/or pervasive basis, contacted her to ask her to come back to work early on or around December 14, 2020.

d) Plaintiff notified Defendant Burberry that she was experiencing back pain and requested to continue working remotely as she had done from approximately March 1, 2020, through approximately June 24, 2020.

e) However, on a severe and/or pervasive basis, Defendant Burberry refused Plaintiff's reasonable request and did not allow Plaintiff to continue to work remotely.

f) Plaintiff could have continued performing her job duties remotely by selling merchandise over the phone to her loyal clients, as this was something she had successfully handled during the height of the Covid-19 pandemic and established a successful working relationship with many of her clients.

g) Thereafter, in or around December 2020, on a severe and/or pervasive basis, instead of allowing Plaintiff to continue to work, Defendant Burberry extended Plaintiff's leave through January 4, 2020, using Plaintiff's Paid Time Off ("PTO"), thereby exhausting her accrued leave.

h) Then, on or around February 3, 2021, Plaintiff submitted a doctor's note to Burberry that included a 30-day extension, placing her back at work by March 3, 2021. After many attempts to contact Claims Adjuster Jesus Saavedra at Hartford, Plaintiff was finally able to speak with him on or around February 27, 2021, and she was emailed the necessary forms to complete and return.

i) In or around March 2021, Employee Relations Manager Alejandra Barquero contacted Plaintiff and told her she needed to submit additional paperwork for her protected

leave to be approved, to which Plaintiff immediately provided the forms to her doctor to fill out.

j) After this conversation, Ms. Barquero emailed Plaintiff stating that Plaintiff had until March 9, 2021 to submit the additional documentation. In response, Plaintiff emailed Ms. Barquero complaining of the mistreatment, specifically that she talked to Mr. Saavedra on February 27, 2021, where he sent her the documents, to which she turned in to her doctor at the last visit. Plaintiff further complained that she did not think the hard deadline Burberry imposed was fair, as Plaintiff was doing everything within her capability to comply.

k) Subsequently, on or about March 8, 2021, Plaintiff complied with Burberry's additional document demand by sending in the requested paperwork to Mr. Saavedra. Further, Plaintiff followed up with Mr. Saavedra on or around March 9, 2021, in which Mr. Saavedra confirmed receipt of the required documents.

l) Then, on or around March 16, 2021, when Plaintiff was still on protected medical leave, Defendants, including Defendant Fragoso, on a severe and/or pervasive basis, pressured and demanded Plaintiff return to work, telling her, "What's holding you back?" "I think you should be ok with Covid girl, I worked the entire summer pregnant, and it was when the cases were super high."

m) Further, on a severe and/or pervasive basis and to harass Plaintiff, Defendants, including Defendant Fragoso, pushed Plaintiff to return to work early while she was on protected leave stating, "Also they would like to know that you are coming back now, just cause they are already struggling with short staff."

n) Continuing the harassing behavior, Defendants, including Defendant Fragoso, then told Plaintiff while she was still on protected leave, "It's not like you need to work. Why don't you just stay with Carter. You've been with him for this long already lol."

o) Despite Defendant Burberry being informed of Plaintiff's need for more time to recuperate from her disabilities, Defendant Burberry, to harass Plaintiff, made no attempt to engage interactively with her.

p) On or around March 29, 2021, Defendant Burberry wrongfully terminated Plaintiff based on her protected absences.

q) Immediately thereafter, Plaintiff responded to Defendants and stated that she timely complied by sending in the properly completed paperwork on or around March 8, 2021, and confirmed with Mr. Saavedra on or around March 9, 2021.

r) Subsequently, on or about March 30, 2021, Ms. Barquero responded to Plaintiff that she was "escalat[ing] this matter" and that she "will be sending [Plaintiff] an update." However, on or around April 15, 2021, on a severe and/or pervasive basis, Defendant Burberry told Plaintiff that they did not receive her completed paperwork.

s) Then, Plaintiff again contacted Hartford, who admitted they had mistakenly sent the wrong paperwork to Ms. Barquero. Hartford told Plaintiff they would advise Defendant Burberry that it was Hartford's mistake that the wrong paperwork was sent to them.

t) Plaintiff informed Defendant Burberry of Hartford's mistake, and Burberry told her that they would look into it and get back to her. However, to further evidence harassing conduct, on a severe and/or pervasive basis, Defendant Burberry never responded back to Plaintiff.

u) At least through the present day, and continuing, Defendants failed to investigate Plaintiff's complaints and take appropriate remedial actions and/or rehire Plaintiff.

16. Plaintiff was harassed because of her actual/perceived disabilities, pregnancy, need for maternity leave, including but not limited to Defendants harassing Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, terminating Plaintiff's employment and/or refusing to return Plaintiff back to work.

17. In doing the acts alleged herein, Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

18. A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

19. At all times relevant herein, Plaintiff believes and further alleges that Defendants and DOES 1 through 100, and/or its agents/representatives failed to timely, properly, and/or completely investigate the harassment Plaintiff was routinely subjected to and ratified and condoned the unlawful behavior.

20. The acts and conduct of Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of Cal. Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants concerning harassment against persons, such as Plaintiff, on the basis of actual/perceived disabilities and the prohibition of actual/perceived disability harassment. Said statutes were intended to prevent the type of disability and damage herein set forth.

21. By the acts and conduct described above, Defendants and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the disability harassment.

22. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the California Civil Rights Department "CRD" (formerly known as the Department of Fair Employment and Housing "DFEH") pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

23. As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, numerous internal disabilities, severe fright, shock, pain, discomfort and/or anxiety.

24. As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said disabilities is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

25. The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

26. By the aforesaid acts and conduct of Defendants and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

27. As a result of the harassing acts of Defendants and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

28. The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

29. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**II.**

**SECOND CAUSE OF ACTION**

**For Actual/Perceived Disability Discrimination in Employment**

**[California Government Code §§ 12940 et seq.]**

**Against Defendant Burberry & DOES 1 Through 100, Only**

30. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

31. At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: pregnancy and a severe injury to her back, among other related conditions and/or disabilities.

32. At all times relevant herein, Defendants had notice of Plaintiff's disabilities and/or need for accommodations.

33. At all times relevant herein, as an employee disabled by a severe and debilitating physical/mental disability, pregnancy, Plaintiff was a member of a protected class.

34. At all times relevant herein, Plaintiff was qualified for and/or competently performed the position(s) held throughout her employment with Defendants.

35. At all times relevant herein, Plaintiff was able to perform the essential functions of her job either with and/or without reasonable accommodations.

36. During Plaintiff's employment, and continuing through March 29, 2021, as a result of and substantially motivated by Plaintiff's actual/perceived disabilities, pregnancy, need for

accommodations, and/or need for protected finite, maternity, leave, Defendants and DOES 1 through 100, and each of them, subjected Plaintiff to discriminatory treatment and/or adverse employment actions, including the following actions, among others:

a) Plaintiff successfully worked her regular schedule remotely from home all throughout her entire pregnancy—up until approximately two (2) days prior to giving birth.

b) On or around June 24, 2020, Plaintiff went on approved maternity leave.

c) While Plaintiff was on maternity leave, Defendant Burberry, to discriminate against Plaintiff, contacted her to ask her to come back to work early on or around December 14, 2020.

d) Plaintiff notified Defendant Burberry that she was experiencing back pain and requested to continue working remotely as she had done from approximately March 1, 2020, through approximately June 24, 2020.

e) However, Defendant Burberry refused Plaintiff's reasonable request and did not allow Plaintiff to continue to work remotely, evidencing Defendants' discriminatory animus.

f) Plaintiff could have continued performing her job duties remotely by selling merchandise over the phone to her loyal clients, as this was something she had successfully handled during the height of the Covid-19 pandemic and established a successful working relationship with many of her clients.

g) Thereafter, in or around December 2020, instead of allowing Plaintiff to continue to work, Defendant Burberry, to discriminate against Plaintiff, extended her leave through January 4, 2020, using PTO, thereby exhausting her accrued leave.

h) Then, on or around February 3, 2021, Plaintiff submitted a doctor's note to Burberry that included a 30-day extension, placing her back at work by March 3, 2021. After many attempts to contact Claims Adjuster Jesus Saavedra at Hartford, Plaintiff was finally able to speak with him on or around February 27, 2021, and she was emailed the necessary forms to complete and return.

i) In or around March 2021, Employee Relations Manager Alejandra Barquero, to discriminate against Plaintiff, contacted her and told her she needed to submit additional paperwork for her protected leave to be approved, to which Plaintiff immediately provided the forms to her doctor to fill out.

j) After this conversation, Ms. Barquero emailed Plaintiff stating that Plaintiff had until March 9, 2021 to submit the additional documentation. In response, Plaintiff emailed Ms. Barquero complaining of the mistreatment, specifically that she talked to Mr. Saavedra on February 27, 2021, where he sent her the documents, to which she turned in to her doctor at the last visit. Plaintiff further complained that she did not think the hard deadline Burberry imposed was fair, as Plaintiff was doing everything within her capability to comply.

k) Subsequently, on or about March 8, 2021, Plaintiff complied with Burberry's additional document demand by sending in the requested paperwork to Mr. Saavedra. Further, Plaintiff followed up with Mr. Saavedra on or around March 9, 2021, in which Mr. Saavedra confirmed receipt of the required documents.

l) Then, on or around March 16, 2021, when Plaintiff was still on protected medical leave, Defendants, including Defendant Fragoso, to discriminate against Plaintiff, pressured and demanded Plaintiff return to work, telling her, "What's holding you back?" "I think you should be ok with Covid girl, I worked the entire summer pregnant, and it was when the cases were super high."

m) Further, to discriminate against Plaintiff, Defendants, including Defendant Fragoso, pushed Plaintiff to return to work early while she was on protected leave stating, "Also they would like to know that you are coming back now, just cause they are already struggling with short staff."

n) Continuing the discriminatory behavior, Defendants, including Defendant Fragoso, then told Plaintiff while she was still on protected leave, "It's not like you need to work. Why don't you just stay with Carter. You've been with him for this long already lol."

o) Despite Defendant Burberry being informed of Plaintiff's need for more time to recuperate from her disabilities, Defendant Burberry, to discriminate against Plaintiff, made no attempt to engage interactively with her.

p) On or around March 29, 2021, Defendant Burberry wrongfully terminated Plaintiff based on her protected absences.

q) Immediately thereafter, Plaintiff responded to Defendants and stated that she timely complied by sending in the properly completed paperwork on or around March 8, 2021, and confirmed with Mr. Saavedra on or around March 9, 2021.

r) Subsequently, on or about March 30, 2021, Ms. Barquero responded to Plaintiff that she was "escalat[ing] this matter" and that she "will be sending [Plaintiff] an update." However, on or around April 15, 2021, Defendant Burberry, to discriminate against Plaintiff, doubled down and told her, that they did not receive her completed paperwork.

s) Then, Plaintiff again contacted Hartford, who admitted they had mistakenly sent the wrong paperwork to Ms. Barquero. Hartford told Plaintiff they would advise Defendant Burberry that it was Hartford's mistake that the wrong paperwork was sent to them.

t) Plaintiff informed Defendant Burberry of Hartford's mistake, and Burberry told her that they would look into it and get back to her. However, to further evidence discriminatory animus, Defendant Burberry never responded back to Plaintiff.

u) At least through the present day, and continuing, Defendants failed to investigate Plaintiff's complaints and take appropriate remedial actions and/or rehire Plaintiff.

37. Plaintiff was treated differently, disparately, and negatively because of her actual/perceived disabilities, pregnancy, need for maternity leave, including but not limited to Defendants discriminating against Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining

Plaintiff, overly monitoring and scrutinizing Plaintiff, terminating Plaintiff's employment and/or refusing to return Plaintiff back to work.

38. In doing the acts alleged herein, Defendant Burberry and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

39. At all times relevant herein, Plaintiff believes and further alleges that Defendant Burberry and DOES 1 through 100, and/or its agents/representatives failed to timely, properly, and/or completely investigate the discrimination Plaintiff was routinely subjected to and ratified and condoned the unlawful behavior.

40. The acts and conduct of Defendant Burberry and DOES 1 through 100, and each of them, as aforesaid, were in violation of Cal. Gov. Code §§ 12940 et seq. Said statutes impose certain duties upon Defendant Burberry and DOES 1 through 100 concerning discrimination against persons, such as Plaintiff, on the basis of disabilities and the prohibition of disability discrimination. Said statutes were intended to prevent the type of disability and damage herein set forth.

41. By the acts and conduct described above, Defendant Burberry and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the actual/perceived disability discrimination. When Plaintiff was discriminated against, Plaintiff's actual/perceived disability(s) were substantial motivating reasons and/or factors in Defendants' conduct.

42. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the CRD pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B"

are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

43. As a direct and legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, numerous internal disabilities, severe fright, shock, pain, discomfort and/or anxiety.

44. As a further legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff may have been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's actual and/or perceived disabilities, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

45. As a further direct and legal result of the acts and conduct of Defendant Burberry and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said disabilities is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

46. The aforementioned acts of Defendant Burberry and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Burberry and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Burberry and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

47. By the aforesaid acts and conduct of Defendant Burberry and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

48. As a result of the discriminatory acts of Defendant Burberry and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

49. The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

50. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**III.**

**THIRD CAUSE OF ACTION**

**For Actual/Perceived Disability Retaliation in Employment**

**[Gov. Code, §§ 12940 et seq.]**

**Against Defendant Burberry & DOES 1 Through 100, Only**

51. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

52. Plaintiff was, at all times material hereto, a disabled employee (and one who engaged in legally protected conduct) and within a protected class covered by Cal. Gov. Code § 12940, as Plaintiff suffered from a severe injury to her back and right leg, among other related conditions and/or disabilities.

53. Plaintiff's impairments affect her musculoskeletal body system and ability to perform major life activities, such as working.

54. Starting during Plaintiff's employment, and continuing through March 29, 2021, and continuing, Defendants retaliated against Plaintiff as a result of Plaintiff asserting her legal rights and/or complaining about and/or protesting against the disability harassment and discrimination Plaintiff was subjected to, requesting accommodations, including maternity leave, and/or engaging in the good faith interactive process.

55. Plaintiff asserted her legal rights, for example partaking in protected activity, including requesting accommodations, protesting and complaining, on the following occasions, among others:

a) Plaintiff successfully worked her regular schedule remotely from home all throughout her entire pregnancy—up until approximately two (2) days prior to giving birth.

b) On or around June 24, 2020, Plaintiff went on approved maternity leave.

c) While Plaintiff was on maternity leave, Defendant Burberry, to retaliate against Plaintiff, contacted her to ask her to come back to work early on or around December 14, 2020.

d) Plaintiff notified Defendant Burberry that she was experiencing back pain and requested to continue working remotely as she had done from approximately March 1, 2020, through approximately June 24, 2020.

e) However, to retaliate against Plaintiff, Defendant Burberry refused Plaintiff's reasonable request and did not allow Plaintiff to continue to work remotely, evidencing Defendant's retaliatory animus.

f) Plaintiff could have continued performing her job duties remotely by selling merchandise over the phone to her loyal clients, as this was something she had successfully handled during the height of the Covid-19 pandemic and established a successful working relationship with many of her clients.

g) Thereafter, in or around December 2020, instead of allowing Plaintiff to continue to work, Defendant Burberry, to retaliate against Plaintiff, extended her leave through January 4, 2020, using PTO, thereby exhausting her accrued leave.

h) Then, on or around February 3, 2021, Plaintiff submitted a doctor's note to Burberry that included a 30-day extension, placing her back at work by March 3, 2021. After many attempts to contact Claims Adjuster Jesus Saavedra at Hartford, Plaintiff was finally able to speak with him on or around February 27, 2021, and she was emailed the necessary forms to complete and return.

i) In or around March 2021, Employee Relations Manager Alejandra Barquero, to retaliate against Plaintiff, contacted her and told her she needed to submit additional paperwork for her protected leave to be approved, to which Plaintiff immediately provided the forms to her doctor to fill out.

j) After this conversation, Ms. Barquero emailed Plaintiff stating that Plaintiff had until March 9, 2021 to submit the additional documentation. In response, Plaintiff emailed Ms. Barquero complaining of the mistreatment, specifically that she talked to Mr. Saavedra on February 27, 2021, where he sent her the documents, to which she turned in to her doctor at the last visit. Plaintiff further complained that she did not think the hard deadline Burberry imposed was fair, as Plaintiff was doing everything within her capability to comply.

k) Subsequently, on or about March 8, 2021, Plaintiff complied with Defendant Burberry's additional document demand by sending in the requested paperwork to Mr. Saavedra. Further, Plaintiff followed up with Mr. Saavedra on or around March 9, 2021, in which Mr. Saavedra confirmed receipt of the required documents.

l) Then, on or around March 16, 2021, when Plaintiff was still on protected medical leave, Defendants, including Defendant Fragoso, to retaliate against Plaintiff, pressured and demanded Plaintiff return to work, telling her, "What's holding you back?" "I think you should be ok with Covid girl, I worked the entire summer pregnant, and it was when the cases were super high."

m) Further, to retaliate against Plaintiff, Defendants, including Defendant Fragoso, pushed Plaintiff to return to work early while she was on protected leave stating, "Also

they would like to know that you are coming back now, just cause they are already struggling with short staff."

n) Continuing the retaliatory behavior, Defendants, including Defendant Fragoso, then told Plaintiff while she was still on protected leave, "It's not like you need to work. Why don't you just stay with Carter. You've been with him for this long already lol."

o) Despite Defendant Burberry being informed of Plaintiff's need for more time to recuperate from her disabilities, Defendant Burberry, to retaliate against Plaintiff, made no attempt to engage interactively with her.

p) On or around March 29, 2021, Defendant Burberry wrongfully terminated Plaintiff based on her protected absences.

q) Immediately thereafter, Plaintiff responded to Defendants and stated that she timely complied by sending in the properly completed paperwork on or around March 8, 2021, and confirmed with Mr. Saavedra on or around March 9, 2021.

r) Subsequently, on or about March 30, 2021, Ms. Barquero responded to Plaintiff that she was "escalat[ing] this matter" and that she "will be sending [Plaintiff] an update." However, on or around April 15, 2021, Defendant Burberry, to retaliate against Plaintiff, doubled down and told her, that they did not receive her completed paperwork.

s) Then, Plaintiff again contacted Hartford, who admitted they had mistakenly sent the wrong paperwork to Ms. Barquero. Hartford told Plaintiff they would advise Defendant Burberry that it was Hartford's mistake that the wrong paperwork was sent to them.

t) Plaintiff informed Defendant Burberry of Hartford's mistake, and Burberry told her that they would look into it and get back to her. However, to further evidence retaliatory animus, Defendant Burberry never responded back to Plaintiff.

u) At least through the present day, and continuing, Defendants failed to investigate Plaintiff's complaints and take appropriate remedial actions and/or rehire Plaintiff.

56. Plaintiff was treated differently, disparately, and negatively because of her complaints of actual/perceived disabilities harassment and discrimination, pregnancy, need for maternity leave,

including but not limited to Defendants discriminating against Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, demoting Plaintiff, terminating Plaintiff's employment and/or refusing to return Plaintiff back to work and/or re-hiring Plaintiff.

57. In doing the acts alleged herein, Defendant Burberry and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's complaints regarding the need for accommodations, need for legally protected medical leave, and/or aforesaid legally protected activities (complaints/protests).

58. At all times relevant herein, Plaintiff believes and further alleges that Defendant Burberry and DOES 1 through 100, and/or its agents/representatives failed to timely, properly, and/or completely investigate the retaliation Plaintiff was routinely subjected to and ratified and condoned the unlawful behavior.

59. The acts and conduct of Defendant Burberry and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning retaliation against persons, such as Plaintiff, on the basis of disabilities and the prohibition of actual/perceived disability retaliation. Said statutes were intended to prevent the type of disability and damage herein set forth.

60. By the acts and conduct described above, Defendant Burberry and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the disability retaliation. When Plaintiff was retaliated against, Plaintiff's actual and/or perceived disabilities and/or complaints about the unlawful conduct were substantial motivating reasons and/or factors in Defendants' conduct.

61. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the CRD pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

62. As a direct and legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, numerous internal disabilities, severe fright, shock, pain, discomfort and/or anxiety.

63. As a further legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff may have been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's actual and/or perceived disabilities, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

64. As a further direct and legal result of the acts and conduct of Defendant Burberry and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said disabilities is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

65. The aforementioned acts of Defendant Burberry and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by

managerial agents and employees of Defendant Burberry and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Burberry and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

66. By the aforesaid acts and conduct of Defendant Burberry and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

67. As a result of the retaliatory acts of Defendant Burberry and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

68. The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

69. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**IV.**

**FOURTH CAUSE OF ACTION**

**Failure to Engage in the Mandatory Good-Faith Interactive Process**

**[California Government Code § 12940 et. seq.]**

**Against Defendant Burberry & DOES 1 Through 100, Only**

70. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

71. At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: pregnancy and a severe injury to her back, among other related conditions and/or disabilities.

72. At all times relevant herein, Plaintiff's impairments affected and/or affect Plaintiff's mental and psychological condition and/or Plaintiff's musculoskeletal body system, thereby affecting Plaintiff's ability to perform major life activities, such as working.

73. At all times relevant herein, Defendant Burberry and DOES 1 through 100 failed to engage in a good-faith interactive process with Plaintiff to determine whether it would be possible to provide reasonable accommodations as required by Cal. Gov. Code § 12940.

74. California Gov. Code § 12940 generally provides that it is an unlawful employment practice for an employer or other entity covered by the FEHA to fail to engage in a timely, good-faith, interactive process with the employee to determine effective reasonable accommodations, if any, for an employee with a known physical or mental disability or known medical condition.

75. Defendant Burberry and DOES 1 through 100 were an "employer" pursuant to Cal. Gov. Code §§ 12900 et seq. and therefore a covered entity.

76. At all times relevant herein, Plaintiff was an employee of Defendant Burberry and DOES 1 through 100.

77. At all times relevant herein, Plaintiff had physical and/or mental limitations resulting from Plaintiff's aforesaid disabilities, which were known to Defendants, as aforesaid.

78. Plaintiff was treated differently, disparately, and negatively because of her actual and/or perceived disability, including by not limited to Defendants failing to engage in the mandatory good faith interactive process with Plaintiff (as aforesaid).

79. Defendant Burberry and DOES 1 through 100 failed to engage in the mandatory good-faith interactive process with Plaintiff through the following, among others:

a) Plaintiff successfully worked her regular schedule remotely from home all throughout her entire pregnancy—up until approximately two (2) days prior to giving birth.

b) On or around June 24, 2020, Plaintiff went on approved maternity leave.

c) While Plaintiff was on maternity leave, Defendant Burberry improperly contacted her to ask her to come back to work early on or around December 14, 2020.

d) Plaintiff notified Defendant Burberry that she was experiencing back pain and requested to continue working remotely as she had done from approximately March 1, 2020, through approximately June 24, 2020.

e) However, Defendant Burberry refused Plaintiff's reasonable request and did not allow Plaintiff to continue to work remotely.

f) Plaintiff could have continued performing her job duties remotely by selling merchandise over the phone to her loyal clients, as this was something she had successfully handled during the height of the Covid-19 pandemic and established a successful working relationship with many of her clients.

g) Thereafter, in or around December 2020, instead of allowing Plaintiff to continue to work, Defendant Burberry extended Plaintiff's leave through January 4, 2020, using PTO, thereby exhausting her accrued leave.

h) Then, on or around February 3, 2021, Plaintiff submitted a doctor's note to Burberry that included a 30-day extension, placing her back at work by March 3, 2021. After many attempts to contact Claims Adjuster Jesus Saavedra at Hartford, Plaintiff was finally able to speak with him on or around February 27, 2021, and she was emailed the necessary forms to complete and return.

i) In or around March 2021, Employee Relations Manager Alejandra Barquero contacted Plaintiff and told her she needed to submit additional paperwork for her protected leave to be approved, to which Plaintiff immediately provided the forms to her doctor to fill out.

j) After this conversation, Ms. Barquero emailed Plaintiff stating that Plaintiff had until March 9, 2021 to submit the additional documentation. In response, Plaintiff emailed

Ms. Barquero complaining of the mistreatment, specifically that she talked to Mr. Saavedra on February 27, 2021, where he sent her the documents, to which she turned in to her doctor at the last visit. Plaintiff further complained that she did not think the hard deadline Burberry imposed was fair, as Plaintiff was doing everything within her capability to comply.

k) Subsequently, on or about March 8, 2021, Plaintiff complied with Burberry's additional document demand by sending in the requested paperwork to Mr. Saavedra. Further, Plaintiff followed up with Mr. Saavedra on or around March 9, 2021, in which Mr. Saavedra confirmed receipt of the required documents.

l) Then, on or around March 16, 2021, when Plaintiff was still on protected medical leave, Defendants, including Defendant Fragoso pressured and demanded Plaintiff, telling her, "What's holding you back?" "I think you should be ok with Covid girl, I worked the entire summer pregnant, and it was when the cases were super high," "Also they would like to know that you are coming back now, just cause they are already struggling with short staff," "It's not like you need to work. Why don't you just stay with Carter. You've been with him for this long already lol," thereby retaliating against Plaintiff.

m) Despite Defendant Burberry being informed of Plaintiff's need for more time to recuperate from her disabilities, Defendant Burberry made no attempt to engage interactively with plaintiff and made no individual assessment to discover whether allowing additional leave would cause an undue hardship.

n) On or around March 29, 2021, Defendant Burberry wrongfully terminated Plaintiff based on her protected absences.

o) Immediately thereafter, Plaintiff responded to Defendants and stated that she timely complied by sending in the properly completed paperwork on or around March 8, 2021, and confirmed with Mr. Saavedra on or around March 9, 2021.

p) Subsequently, on or about March 30, 2021, Ms. Barquero responded to Plaintiff that she was "escalat[ing] this matter" and that she "will be sending [Plaintiff] an update."

However, on or around April 15, 2021, Defendant Burberry told Plaintiff that they did not receive her completed paperwork.

q) Then, Plaintiff again contacted Hartford, who admitted they had mistakenly sent the wrong paperwork to Ms. Barquero. Hartford told Plaintiff they would advise Defendant Burberry that it was Hartford's mistake that the wrong paperwork was sent to them.

r) Plaintiff informed Defendant Burberry of Hartford's mistake, and Burberry told her that they would look into it and get back to her. However, directly evidencing their failure to engage in the mandatory good faith interactive process, Defendant Burberry never responded back to Plaintiff.

s) At least through the present day, and continuing, Defendants failed to investigate Plaintiff's complaints and take appropriate remedial actions and/or rehire Plaintiffs.

80. Plaintiff was treated differently, disparately, and negatively because of her actual/perceived disabilities, pregnancy, need for maternity leave, including but not limited to Defendants discriminating against Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, demoting Plaintiff, terminating Plaintiff's employment and/or refusing to return Plaintiff back to work and/or re-hiring Plaintiff.

81. At all times relevant herein, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made.

82. Pursuant to Cal. Code of Regs. ("CCR") § 11069(b)(2), an employer or other covered entity shall initiate an interactive process when the employer or other covered entity otherwise becomes aware of the need for an accommodation through a third party or by observation.

83. At all times relevant herein, Defendant Burberry and DOES 1 through 100, were aware and/or had notice of Plaintiff's disabilities and/or need for accommodations pursuant to CCR § 11069(b)(2).

84. However, despite its duty to do so, Defendant Burberry and DOES 1 through 100, failed to timely initiate and thereafter participate in a good-faith interactive process with Plaintiff to determine whether reasonable accommodations could be made.

85. Defendant Burberry and DOES 1 through 100's failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

86. In doing the acts alleged herein, Defendant Burberry and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

87. At all times relevant herein, Plaintiff believes and further alleges that Defendant Burberry and DOES 1 through 100, and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

88. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the CRD pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

89. As a direct and legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered, among other things, numerous internal disabilities, severe fright, shock, pain, discomfort and/or anxiety.

90. As a further legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff may have been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's actual and/or perceived

disabilities, and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

91. As a further direct and legal result of the acts and conduct of Defendant Burberry and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said disabilities is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

92. The aforementioned acts of Defendant Burberry and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Burberry and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Burberry and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

93. By the aforesaid acts and conduct of Defendant Burberry and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

94. As a result of Defendant Burberry and DOES 1 through 100's failure to initiate and participate in the good-faith interactive process, as alleged herein, Plaintiff is entitled to reasonable

attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b).

95. The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

96. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## V.

## FIFTH CAUSE OF ACTION

**Failure to Provide Reasonable Accommodations**

**[California Government Code § 12940 et. seq.]**

**Against Defendant Burberry & DOES 1 Through 100, Only**

97. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

98. Plaintiff is informed, believes, and herein alleges Defendants Burberry and DOES 1 through 100 was an "employer" pursuant to Cal. Gov. Code §§ 12900 et seq. and therefore a covered entity.

99. At all times relevant herein, Plaintiff was an employee of Defendants Burberry and DOES 1 through 100.

100. At all times relevant herein, Defendant Burberry and DOES 1 through 100, were aware and/or had notice of Plaintiff's disabilities and/or need for accommodations pursuant to CCR § 11069(b)(2).

101. At all times relevant herein, Plaintiff was able to perform the essential job duties with and/or without reasonable accommodations for Plaintiff's actual and/or perceived disabilities.

102. Plaintiff was treated differently, disparately, and negatively because of her actual and/or perceived disability, pregnancy, need for maternity leave, including by not limited to Defendants failing to provide reasonable accommodations for Plaintiff (as aforesaid).

103. At all times relevant herein, Defendants and DOES 1 through 100 failed to provide reasonable accommodations to Plaintiff's for actual and/or perceived disabilities as required by Cal. Gov. Code § 12940.

104. Defendants and DOES 1 through 100 failed to provide reasonable accommodations to Plaintiff through the following, among others:

a) Plaintiff successfully worked her regular schedule remotely from home all throughout her entire pregnancy—up until approximately two (2) days prior to giving birth.

b) On or around June 24, 2020, Plaintiff went on approved maternity leave.

c) While Plaintiff was on maternity leave, Defendant Burberry improperly contacted her to ask her to come back to work early on or around December 14, 2020.

d) Plaintiff notified Defendant Burberry that she was experiencing back pain and requested to continue working remotely as she had done from approximately March 1, 2020, through approximately June 24, 2020.

e) However, on a severe and/or pervasive basis, Defendant Burberry refused Plaintiff's reasonable request and did not allow Plaintiff to continue to work remotely.

f) Plaintiff could have continued performing her job duties remotely by selling merchandise over the phone to her loyal clients, as this was something she had successfully handled during the height of the Covid-19 pandemic and established a successful working relationship with many of her clients.

g) Thereafter, in or around December 2020, instead of allowing Plaintiff to continue to work, Defendant Burberry extended Plaintiff's leave through January 4, 2020, using PTO, thereby exhausting her accrued leave.

h) Then, on or around February 3, 2021, Plaintiff submitted a doctor's note to Burberry that included a 30-day extension, placing her back at work by March 3, 2021. After many attempts to contact Claims Adjuster Jesus Saavedra at Hartford, Plaintiff was finally able to speak with him on or around February 27, 2021, and she was emailed the necessary forms to complete and return.

i) In or around March 2021, Employee Relations Manager Alejandra Barquero contacted Plaintiff and told her she needed to submit additional paperwork for her protected leave to be approved, to which Plaintiff immediately provided the forms to her doctor to fill out.

j) After this conversation, Ms. Barquero emailed Plaintiff stating that Plaintiff had until March 9, 2021 to submit the additional documentation. In response, Plaintiff emailed Ms. Barquero complaining of the mistreatment, specifically that she talked to Mr. Saavedra on February 27, 2021, where he sent her the documents, to which she turned in to her doctor at the last visit. Plaintiff further complained that she did not think the hard deadline Burberry imposed was fair, as Plaintiff was doing everything within her capability to comply.

k) Subsequently, on or about March 8, 2021, Plaintiff complied with Burberry's additional document demand by sending in the requested paperwork to Mr. Saavedra. Further, Plaintiff followed up with Mr. Saavedra on or around March 9, 2021, in which Mr. Saavedra confirmed receipt of the required documents.

l) Then, on or around March 16, 2021, when Plaintiff was still on protected medical leave, Defendants, including Defendant Fragoso pressured and demanded Plaintiff, telling her, "What's holding you back?" "I think you should be ok with Covid girl, I worked the entire summer pregnant, and it was when the cases were super high," "Also they would like to know that you are coming back now, just cause they are already struggling with short staff," "It's not like you need to work. Why don't you just stay with Carter. You've been with him for this long already lol," thereby evidencing Defendant Burberry's failure to accommodate.

m) Despite Defendant Burberry being informed of Plaintiff's need for more time to recuperate from her disabilities, Defendant Burberry made no attempt to engage interactively with plaintiff and made no individual assessment to discover whether allowing additional leave would cause an undue hardship.

n) On or around March 29, 2021, Defendant Burberry wrongfully terminated Plaintiff based on her protected absences.

o) Immediately thereafter, Plaintiff responded to Defendants and stated that she timely complied by sending in the properly completed paperwork on or around March 8, 2021, and confirmed with Mr. Saavedra on or around March 9, 2021.

p) Subsequently, on or about March 30, 2021, Ms. Barquero responded to Plaintiff that she was "escalat[ing] this matter" and that she "will be sending [Plaintiff] an update." However, on or around April 15, 2021, Defendant Burberry told Plaintiff that they did not receive her completed paperwork.

q) Then, Plaintiff again contacted Hartford, who admitted they had mistakenly sent the wrong paperwork to Ms. Barquero. Hartford told Plaintiff they would advise Defendant Burberry that it was Hartford's mistake that the wrong paperwork was sent to them.

r) Plaintiff informed Defendant Burberry of Hartford's mistake, and Burberry told her that they would look into it and get back to her. However, Defendant Burberry never responded back to Plaintiff.

s) At least through March 3, 2023, and continuing, Defendants failed to investigate Plaintiff's complaints and take appropriate remedial actions and/or rehire Plaintiffs.

105. Plaintiff was treated differently, disparately, and negatively because of her actual/perceived disabilities, pregnancy, need for maternity leave, including but not limited to Defendants discriminating against Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, demoting Plaintiff, terminating Plaintiff's employment and/or refusing to return Plaintiff back to work and/or re-hiring Plaintiff.

106. Cal. Gov. Code § 12940 provides that it is an unlawful employment practice for an employer or other entity covered by this part to fail to provide reasonable accommodations for the known physical or mental disability of an applicant or employee.

107. At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: a severe injury to her back, among other related conditions and/or disabilities.

108. Plaintiff was harmed as a result of Defendant Burberry and DOES 1 through 100's failure to provide reasonable accommodations.

109. Defendant Burberry and DOES 1 through 100's failure to provide reasonable accommodations was a substantial factor in causing Plaintiff's harm.

110. At all times relevant herein, Plaintiff believes and further alleges that Defendant Burberry and DOES 1 through 100 and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

111. In doing the acts alleged herein, Defendant Burberry and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

112. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the CRD pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

113. As a direct and legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered, among other things, numerous internal disabilities, severe fright, shock, pain, discomfort and/or anxiety.

114. As a further legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff may have been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's actual and/or perceived disabilities, and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

115. As a further direct and legal result of the acts and conduct of Defendant Burberry and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said disabilities is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

116. The aforementioned acts of Defendant Burberry and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

117. By the aforesaid acts and conduct of Defendant Burberry and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or

other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

118. As a result of Defendant Burberry and DOES 1 through 100's failure to initiate and participate in the good-faith interactive process, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b).

119. The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

120. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## VI.

## SIXTH CAUSE OF ACTION

**For Violation of the California Family Rights Act**

**[California Government Code §§ 12945.2 et seq.]**

**Against Defendant Burberry & DOES 1 Through 100, Only**

121. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

122. Plaintiff was an employee of Defendant and DOES 1 through 100 who qualified for leave due to an actual physical/mental disability(s) and for medical purposes pursuant to California Government Code §§ 12945.2 et seq.

123. Plaintiff's impairments affect her mental and physical health and ability to perform major life activities, such as working.

124. At all times herein mentioned, Defendants and DOES 1 through 100 was an employer who regularly employed 50 or more employees, and therefore within the definition provided by California Government Code § 12945.2.

125. Plaintiff worked for Defendant Burberry and DOES 1 through 100 for over one (1) year and worked over 1250 hours in the year prior to taking and/or request for medical leave.

126. At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: pregnancy and a severe injury to her back, among other related conditions and/or disabilities.

127. Plaintiff was affected by her physical/mental disability(s) during her employment, pregnancy, need for maternity leave, and continuing thereafter through March 29, 2021, and continuing, thereby entitling Plaintiff to medical leave pursuant to the California Family Rights Act ("CFRA").

128. Plaintiff informed Defendant Burberry of her disability, restrictions, need for accommodations, and need/potential need for protected medical leave.

129. As a result of Plaintiff requesting and/or taking legally protected CFRA medical leave, Plaintiff was subjected to further discriminatory and retaliatory treatment by Defendant Burberry including, but not limited to:

a) Plaintiff successfully worked her regular schedule remotely from home all throughout her entire pregnancy—up until approximately two (2) days prior to giving birth.

b) On or around June 24, 2020, Plaintiff went on approved maternity leave.

c) While Plaintiff was on maternity leave, Defendant Burberry improperly contacted her to ask her to come back to work early on or around December 14, 2020.

d) Plaintiff notified Defendant Burberry that she was experiencing back pain and requested to continue working remotely as she had done from approximately March 1, 2020, through approximately June 24, 2020.

e) However, on a severe and/or pervasive basis, Defendant Burberry refused Plaintiff's reasonable request and did not allow Plaintiff to continue to work remotely.

f) Plaintiff could have continued performing her job duties remotely by selling merchandise over the phone to her loyal clients, as this was something she had successfully handled during the height of the Covid-19 pandemic and established a successful working relationship with many of her clients.

g) Thereafter, in or around December 2020, instead of allowing Plaintiff to continue to work, Defendant Burberry extended Plaintiff's leave through January 4, 2020, using PTO, thereby exhausting her accrued leave.

h) Then, on or around February 3, 2021, Plaintiff submitted a doctor's note to Burberry that included a 30-day extension, placing her back at work by March 3, 2021. After many attempts to contact Claims Adjuster Jesus Saavedra at Hartford, Plaintiff was finally able to speak with him on or around February 27, 2021, and she was emailed the necessary forms to complete and return.

i) In or around March 2021, Employee Relations Manager Alejandra Barquero contacted Plaintiff and told her she needed to submit additional paperwork for her protected leave to be approved, to which Plaintiff immediately provided the forms to her doctor to fill out.

j) After this conversation, Ms. Barquero emailed Plaintiff stating that Plaintiff had until March 9, 2021 to submit the additional documentation. In response, Plaintiff emailed Ms. Barquero complaining of the mistreatment, specifically that she talked to Mr. Saavedra on February 27, 2021, where he sent her the documents, to which she turned in to her doctor at the last visit. Plaintiff further complained that she did not think the hard deadline Burberry imposed was fair, as Plaintiff was doing everything within her capability to comply.

k) Subsequently, on or about March 8, 2021, Plaintiff complied with Burberry's additional document demand by sending in the requested paperwork to Mr. Saavedra. Further, Plaintiff followed up with Mr. Saavedra on or around March 9, 2021, in which Mr. Saavedra confirmed receipt of the required documents.

l) Then, on or around March 16, 2021, when Plaintiff was still on protected medical leave, Defendants, including Defendant Fragoso pressured and demanded Plaintiff, telling her, "What's holding you back?" "I think you should be ok with Covid girl, I worked the entire summer pregnant, and it was when the cases were super high," "Also they would like to know that you are coming back now, just cause they are already struggling with

short staff," "It's not like you need to work. Why don't you just stay with Carter. You've been with him for this long already lol," thereby retaliating against Plaintiff.

m) Despite Defendant Burberry being informed of Plaintiff's need for more time to recuperate from her disabilities, Defendant Burberry made no attempt to engage interactively with plaintiff and made no individual assessment to discover whether allowing additional leave would cause an undue hardship.

n) On or around March 29, 2021, Defendant Burberry wrongfully terminated Plaintiff based on her protected absences.

o) Immediately thereafter, Plaintiff responded to Defendants and stated that she timely complied by sending in the properly completed paperwork on or around March 8, 2021, and confirmed with Mr. Saavedra on or around March 9, 2021.

p) Subsequently, on or about March 30, 2021, Ms. Barquero responded to Plaintiff that she was "escalat[ing] this matter" and that she "will be sending [Plaintiff] an update." However, on or around April 15, 2021, Defendant Burberry told Plaintiff that they did not receive her completed paperwork.

q) Then, Plaintiff again contacted Hartford, who admitted they had mistakenly sent the wrong paperwork to Ms. Barquero. Hartford told Plaintiff they would advise Defendant Burberry that it was Hartford's mistake that the wrong paperwork was sent to them.

r) Plaintiff informed Defendant Burberry of Hartford's mistake, and Burberry told her that they would look into it and get back to her. However, to further evidence retaliatory animus, Defendant Burberry never responded back to Plaintiff.

s) At least through the present day, and continuing, Defendants failed to investigate Plaintiff's complaints and take appropriate remedial actions and/or rehire Plaintiffs.

130. In doing the acts alleged herein, Defendant Burberry and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff requesting and/or taking legally protected CFRA medical leave.

131. At all times relevant herein, Plaintiff believes and further alleges Defendant Burberry and DOES 1 through 100, and each of them, and/or its agents/representatives failed to timely, properly,

and/or completely investigate the discrimination and/or retaliation Plaintiff was subjected to, based on Plaintiff requesting and/or taking protected CFRA leave, and instead ratified and condoned the unlawful conduct.

132. By the acts and conduct described above, Defendant Burberry and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the CFRA. The acts of discrimination and retaliation described herein were sufficiently pervasive so as to alter the conditions of employment and created an abusive working environment.

133. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the CRD pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

134. As a direct and legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

135. As a further legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

136. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully and/or partially in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated

and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

137. As a further direct and legal result of the acts and conduct of Defendant Burberry and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

138. By the aforesaid acts and conduct of Defendant Burberry and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

139. As a result of the unlawful acts of Defendant Burberry and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

140. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## VII.

## SEVENTH CAUSE OF ACTION

**For Violation of the California Pregnancy Disability Leave Law ("PDLL")**

**[California Government Code § 12945]**

**Against Defendant Burberry & DOES 1 Through 100, Only**

141. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this complaint as though duly set forth in full herein.

142. At all times relevant herein, Plaintiff was a pregnant female and/or a female disabled by pregnancy and within a protected class pursuant to Cal. Gov. Code §§ 12900 et seq.

143. At all times relevant herein, Plaintiff was "disabled by pregnancy," under, among others, CCR § 11035(f).

144. At all times relevant herein, Plaintiff was an employee disabled by her pregnancy and/or the birth of her child as she was under continuing treatment or continuing supervision by a health care provider for her pregnancy.

145. Defendant Burberry employed at least five employees during all relevant time periods of Plaintiff's employment.

146. California's Pregnancy Disability Leave Law (PDLL) (Cal. Gov Code § 12945) allows an employee disabled by her pregnancy to take up to four (4) months of unpaid leave and requires the employer to return the employee to the same, or in certain limited circumstances, a comparable position.

147. Additionally, CCR § 11043(a) (formerly § 7291.10(a)) generally declares that an employee who exercises her right to take pregnancy disability leave is guaranteed a right to return to the same position, or, if the employer is excused by section 11043(c)(1), to a comparable position, and the employer shall provide the guarantee in writing upon request of the employee. Further, it is an unlawful employment practice for any employer, after granting a requested pregnancy disability leave or transfer, to refuse to honor its guarantee of reinstatement.

148. When Plaintiff took her legally protected pregnancy, maternity, leave, Defendant Burberry denied Plaintiff her ability to return to work:

a) Plaintiff successfully worked her regular schedule remotely from home all throughout her entire pregnancy—up until approximately two (2) days prior to giving birth.

b) On or around June 24, 2020, Plaintiff went on approved maternity leave.

c) While Plaintiff was on maternity leave, Defendant Burberry improperly contacted her to ask her to come back to work early on or around December 14, 2020.

d) Plaintiff notified Defendant Burberry that she was experiencing back pain and requested to continue working remotely as she had done from approximately March 1, 2020, through approximately June 24, 2020.

e) However, on a severe and/or pervasive basis, Defendant Burberry refused Plaintiff's reasonable request and did not allow Plaintiff to continue to work remotely.

f) Plaintiff could have continued performing her job duties remotely by selling merchandise over the phone to her loyal clients, as this was something she had successfully handled during the height of the Covid-19 pandemic and established a successful working relationship with many of her clients.

g) Thereafter, in or around December 2020, instead of allowing Plaintiff to continue to work, Defendant Burberry extended Plaintiff's leave through January 4, 2020, using PTO, thereby exhausting her accrued leave.

h) Then, on or around February 3, 2021, Plaintiff submitted a doctor's note to Burberry that included a 30-day extension, placing her back at work by March 3, 2021. After many attempts to contact Claims Adjuster Jesus Saavedra at Hartford, Plaintiff was finally able to speak with him on or around February 27, 2021, and she was emailed the necessary forms to complete and return.

i) In or around March 2021, Employee Relations Manager Alejandra Barquero contacted Plaintiff and told her she needed to submit additional paperwork for her protected leave to be approved, to which Plaintiff immediately provided the forms to her doctor to fill out.

j) After this conversation, Ms. Barquero emailed Plaintiff stating that Plaintiff had until March 9, 2021 to submit the additional documentation. In response, Plaintiff emailed Ms. Barquero complaining of the mistreatment, specifically that she talked to Mr. Saavedra on February 27, 2021, where he sent her the documents, to which she turned in to her doctor at the last visit. Plaintiff further complained that she did not think the hard deadline Burberry imposed was fair, as Plaintiff was doing everything within her capability to comply.

k) Subsequently, on or about March 8, 2021, Plaintiff complied with Burberry's additional document demand by sending in the requested paperwork to Mr. Saavedra.

Further, Plaintiff followed up with Mr. Saavedra on or around March 9, 2021, in which Mr. Saavedra confirmed receipt of the required documents.

l) Then, on or around March 16, 2021, when Plaintiff was still on protected medical leave, Defendants, including Defendant Fragoso pressured and demanded Plaintiff, telling her, "What's holding you back?" "I think you should be ok with Covid girl, I worked the entire summer pregnant, and it was when the cases were super high," "Also they would like to know that you are coming back now, just cause they are already struggling with short staff," "It's not like you need to work. Why don't you just stay with Carter. You've been with him for this long already lol," a blatant violation of the PDLL.

m) Despite Defendant Burberry being informed of Plaintiff's need for more time to recuperate from her disabilities, Defendant Burberry made no attempt to engage interactively with plaintiff and made no individual assessment to discover whether allowing additional leave would cause an undue hardship.

n) On or around March 29, 2021, Defendant Burberry wrongfully terminated Plaintiff based on her protected absences, directly violating the PDLL.

o) Immediately thereafter, Plaintiff responded to Defendants and stated that she timely complied by sending in the properly completed paperwork on or around March 8, 2021, and confirmed with Mr. Saavedra on or around March 9, 2021.

p) Subsequently, on or about March 30, 2021, Ms. Barquero responded to Plaintiff that she was "escalat[ing] this matter" and that she "will be sending [Plaintiff] an update." However, on or around April 15, 2021, Defendant Burberry told Plaintiff that they did not receive her completed paperwork.

q) Then, Plaintiff again contacted Hartford, who admitted they had mistakenly sent the wrong paperwork to Ms. Barquero. Hartford told Plaintiff they would advise Defendant Burberry that it was Hartford's mistake that the wrong paperwork was sent to them.

r) Plaintiff informed Defendant Burberry of Hartford's mistake, and Burberry told her that they would look into it and get back to her. However, to further evidence retaliatory animus, Defendant Burberry never responded back to Plaintiff.

s) At least through the present day, and continuing, Defendant Burberry failed and refused to reinstate Plaintiff.

149. Through its aforesaid actions and conduct, Defendant Burberry was in violation of California's PDLL.

150. When Plaintiff was targeted by Defendant Burberry, Plaintiff's request and/or taking and/or right to take pregnancy disability leave pursuant to the PDLL were substantial motivating reasons and/or factors in Defendant Burberry's conduct.

151. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named CRD pursuant to Cal. Government Code § 12900 eq seq. and has received Right-to-Sue notices in a California Superior Court pursuant to Cal. Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attach hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted her administrative remedies under the Cal. Government Code.

152. As a direct and legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disoriented, both internally and externally, and/or suffered among other things, numeral internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

153. As a further legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, Xrays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

154. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's

damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

155. As a further direct and legal result of the acts and conduct of Defendant Burberry and DOES l through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

156. The aforementioned acts of Defendant Burberry and DOES l through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Burberry and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant Burberry and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to California C Code § 3294(a) and (b).

157. By the aforesaid acts and conduct of Defendant Burberry and DOES l through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California C Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

158. As a result of the retaliatory acts of Defendant Burberry and DOES l through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code e(12965(b).

159. The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

160. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## VIII.

## EIGHTH CAUSE OF ACTION

**For Sex/Gender Harassment in Employment**

**[California Government Code §§ 12940 et seq.]**

**Against All Defendants & DOES 1 Through 100, Inclusive**

161. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this complaint as though duly set forth in full herein.

162. Plaintiff was treated differently and negatively because of her sex/gender and/or association with female individuals, including but not limited to Defendants harassing Plaintiff (as aforesaid), denying Plaintiff opportunities, unfairly disciplining Plaintiff opportunities, unfairly disciplining Plaintiff, and overly monitoring and scrutinizing Plaintiff.

163. At all times relevant herein, Plaintiff was qualified for and competently performed the position held throughout Plaintiff's employment with Defendant Burberry.

164. At all times relevant herein, Plaintiff was a female employee and within a class protected by the California Fair Employment & Housing Act ("FEHA").

165. Plaintiff began her employment with Burberry in or around April 2018 as a Sales Associate until her wrongful termination on or around March 29, 2021.

166. On severe and/or pervasive basis starting during Plaintiff's employment with Burberry, and continuing through, and continuing thereafter, Defendants and DOES 1 through 100, and each of them, harassed Plaintiff due to and substantially motivated by Plaintiff's sex/gender, female, and subjected Plaintiff to a hostile work environment through the following actions, among others on a severe and/or pervasive basis:

a) Plaintiff successfully worked her regular schedule remotely from home all throughout her entire pregnancy—up until approximately two (2) days prior to giving birth.

b) On or around June 24, 2020, Plaintiff went on approved maternity leave.

c) While Plaintiff was on maternity leave, Defendant Burberry improperly contacted her to ask her to come back to work early on or around December 14, 2020, thereby evidencing harassing conduct based on Plaintiff's sex/gender.

d) Plaintiff notified Defendant Burberry that she was experiencing back pain and requested to continue working remotely as she had done from approximately March 1, 2020, through approximately June 24, 2020.

e) However, on a severe and/or pervasive basis, Defendant Burberry refused Plaintiff's reasonable request and did not allow Plaintiff to continue to work remotely, thereby evidencing harassing conduct based on Plaintiff's sex/gender.

f) Plaintiff could have continued performing her job duties remotely by selling merchandise over the phone to her loyal clients, as this was something she had successfully handled during the height of the Covid-19 pandemic and established a successful working relationship with many of her clients.

g) Thereafter, in or around December 2020, instead of allowing Plaintiff to continue to work, Defendant Burberry extended Plaintiff's leave through January 4, 2020, using PTO, thereby exhausting her accrued leave.

h) Then, on or around February 3, 2021, Plaintiff submitted a doctor's note to Burberry that included a 30-day extension, placing her back at work by March 3, 2021. After many attempts to contact Claims Adjuster Jesus Saavedra at Hartford, Plaintiff was finally able to speak with him on or around February 27, 2021, and she was emailed the necessary forms to complete and return.

i) In or around March 2021, Employee Relations Manager Alejandra Barquero contacted Plaintiff and told her she needed to submit additional paperwork for her protected leave to be approved, to which Plaintiff immediately provided the forms to her doctor to fill out.

j) After this conversation, Ms. Barquero emailed Plaintiff stating that Plaintiff had until March 9, 2021 to submit the additional documentation. In response, Plaintiff emailed Ms. Barquero complaining of the mistreatment, specifically that she talked to Mr. Saavedra

on February 27, 2021, where he sent her the documents, to which she turned in to her doctor at the last visit. Plaintiff further complained that she did not think the hard deadline Burberry imposed was fair, as Plaintiff was doing everything within her capability to comply.

k) Subsequently, on or about March 8, 2021, Plaintiff complied with Burberry's additional document demand by sending in the requested paperwork to Mr. Saavedra. Further, Plaintiff followed up with Mr. Saavedra on or around March 9, 2021, in which Mr. Saavedra confirmed receipt of the required documents.

l) Then, on or around March 16, 2021, when Plaintiff was still on protected medical leave, Defendants, including Defendant Fragoso, on a severe and/or pervasive basis, pressured and demanded Plaintiff return to work, telling her, "What's holding you back?" "I think you should be ok with Covid girl, I worked the entire summer pregnant, and it was when the cases were super high."

m) Further, on a severe and/or pervasive basis and to harass Plaintiff, Defendants, including Defendant Fragoso, pushed Plaintiff to return to work early while she was on protected leave stating, "Also they would like to know that you are coming back now, just cause they are already struggling with short staff."

n) Continuing the harassing behavior, Defendants, including Defendant Fragoso, then told Plaintiff while she was still on protected leave, "It's not like you need to work. Why don't you just stay with Carter. You've been with him for this long already lol."

o) Despite Defendant Burberry being informed of Plaintiff's need for more time to recuperate from her disabilities, Defendant Burberry made no attempt to engage interactively with plaintiff and made no individual assessment to discover whether allowing additional leave would cause an undue hardship.

p) On or around March 29, 2021, Defendant Burberry wrongfully terminated Plaintiff based on her protected absences.

q) Immediately thereafter, Plaintiff responded to Defendants and stated that she timely complied by sending in the properly completed paperwork on or around March 8, 2021, and confirmed with Mr. Saavedra on or around March 9, 2021.

r) Subsequently, on or about March 30, 2021, Ms. Barquero responded to Plaintiff that she was "escalat[ing] this matter" and that she "will be sending [Plaintiff] an update." However, on or around April 15, 2021, Defendant Burberry told Plaintiff that they did not receive her completed paperwork.

s) Then, Plaintiff again contacted Hartford, who admitted they had mistakenly sent the wrong paperwork to Ms. Barquero. Hartford told Plaintiff they would advise Defendant Burberry that it was Hartford's mistake that the wrong paperwork was sent to them.

t) Plaintiff informed Defendant Burberry of Hartford's mistake, and Burberry told her that they would look into it and get back to her. However, Defendant Burberry never responded back to Plaintiff, thereby evidencing harassing conduct.

u) At least through the present day, and continuing, Defendants failed to investigate Plaintiff's complaints and take appropriate remedial actions and/or rehire Plaintiff.

167. Plaintiff was harassed because of her sex/gender, female, including but not limited to Defendants harassing Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, terminating Plaintiff's employment and/or refusing to return Plaintiff back to work.

168. At all times relevant herein, Plaintiff believes and further alleges that Defendants and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

169. A reasonable person in Plaintiff's circumstances would have considered the work

environment to be hostile or abusive.

170. Plaintiff considered the work environment to be hostile or abusive toward Plaintiff and female individuals, and favorable to male employees.

171. Defendants had an employment practice of harassment that had a disproportionate adverse effect on female individuals.

172. In doing the acts alleged herein, Defendants and DOES 1 through 100, and each of them were substantially motivated by Plaintiff's sex/gender, and association with a protected class, and these acts were done to harass Plaintiff.

173. The acts and conduct of Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment against persons, such as Plaintiff, on the basis of sex/gender and association with/advocacy for those protected. Said statutes were intended to prevent the type of injury and damage herein set forth.

174. By the acts and conduct described above, Defendants and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the sex/gender or associational harassment. The acts of harassment described herein were sufficiently pervasive so as to alter the conditions of employment and created an abusive working environment. When Plaintiff was harassed, Plaintiff's sex/gender and/or association with/advocacy for female individuals was a substantial motivating reason/factor in Defendants' conduct.

175. As a result, Plaintiff filed timely charges and complaints of sex/gender and associational harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached

hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

176. As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

177. As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

178. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

179. As a further direct and legal result of the acts and conduct of Defendants and DOES 1 through 100, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

180. The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of

managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

181. By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

182. As a result of the harassing acts of Defendants and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

183. The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

184. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**IX.**

**NINTH CAUSE OF ACTION**

**For Sex/Gender Discrimination in Employment**

**[California Government Code §§ 12940 et seq.]**

**Against Defendant Burberry & DOES 1 Through 100, Only**

185. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

186. Plaintiff was treated differently in the terms and conditions of Plaintiff's employment substantially due to Plaintiff's sex/gender, female.

187. Defendants also treated female individuals disparately due to their sex/gender, which adversely impacted those individuals.

188. At all times relevant herein, Plaintiff was qualified for and competently performed the position held throughout Plaintiff's employment with Defendant Burberry.

189. At all times relevant herein, Plaintiff was a female employee and within a class protected by the California Fair Employment & Housing Act ("FEHA").

190. Beginning during Plaintiff's employment with Defendant Burberry, and continuing through March 29, 2021, and continuing thereafter, as a result of and substantially motivated by Plaintiff's sex/gender, female, and/or association with/advocacy for female individuals, Defendants subjected Plaintiff to discriminatory treatment and adverse employment actions including, but not limited, to the following:

a) Plaintiff successfully worked her regular schedule remotely from home all throughout her entire pregnancy—up until approximately two (2) days prior to giving birth.

b) On or around June 24, 2020, Plaintiff went on approved maternity leave.

c) While Plaintiff was on maternity leave, Defendant Burberry, to discriminate against Plaintiff, contacted her to ask her to come back to work early on or around December 14, 2020.

d) Plaintiff notified Defendant Burberry that she was experiencing back pain and requested to continue working remotely as she had done from approximately March 1, 2020, through approximately June 24, 2020.

e) However, Defendant Burberry refused Plaintiff's reasonable request and did not allow Plaintiff to continue to work remotely, evidencing Defendants' discriminatory animus.

f) Plaintiff could have continued performing her job duties remotely by selling merchandise over the phone to her loyal clients, as this was something she had successfully handled during the height of the Covid-19 pandemic and established a successful working relationship with many of her clients.

g) Thereafter, in or around December 2020, instead of allowing Plaintiff to continue to work, Defendant Burberry, to discriminate against Plaintiff, extended her leave through January 4, 2020, using PTO, thereby exhausting her accrued leave.

h) Then, on or around February 3, 2021, Plaintiff submitted a doctor's note to Burberry that included a 30-day extension, placing her back at work by March 3, 2021. After many attempts to contact Claims Adjuster Jesus Saavedra at Hartford, Plaintiff was finally able to speak with him on or around February 27, 2021, and she was emailed the necessary forms to complete and return.

i) In or around March 2021, Employee Relations Manager Alejandra Barquero, to discriminate against Plaintiff, contacted her and told her she needed to submit additional paperwork for her protected leave to be approved, to which Plaintiff immediately provided the forms to her doctor to fill out.

j) After this conversation, Ms. Barquero emailed Plaintiff stating that Plaintiff had until March 9, 2021 to submit the additional documentation. In response, Plaintiff emailed Ms. Barquero complaining of the mistreatment, specifically that she talked to Mr. Saavedra on February 27, 2021, where he sent her the documents, to which she turned in to her doctor at the last visit. Plaintiff further complained that she did not think the hard deadline Burberry imposed was fair, as Plaintiff was doing everything within her capability to comply.

k) Subsequently, on or about March 8, 2021, Plaintiff complied with Burberry's additional document demand by sending in the requested paperwork to Mr. Saavedra. Further, Plaintiff followed up with Mr. Saavedra on or around March 9, 2021, in which Mr. Saavedra confirmed receipt of the required documents.

l) Then, on or around March 16, 2021, when Plaintiff was still on protected medical leave, Defendants, including Defendant Fragoso, to discriminate against Plaintiff, pressured and demanded Plaintiff return to work, telling her, "What's holding you back?" "I think you should be ok with Covid girl, I worked the entire summer pregnant, and it was when the cases were super high."

m) Further, to discriminate against Plaintiff, Defendants, including Defendant Fragoso, pushed Plaintiff to return to work early while she was on protected leave stating, “Also they would like to know that you are coming back now, just cause they are already struggling with short staff.”

n) Continuing the discriminatory behavior, Defendants, including Defendant Fragoso, then told Plaintiff while she was still on protected leave, “It’s not like you need to work. Why don’t you just stay with Carter. You’ve been with him for this long already lol.”

o) Despite Defendant Burberry being informed of Plaintiff’s need for more time to recuperate from her disabilities, Defendant Burberry, to discriminate against Plaintiff, made no attempt to engage interactively with her.

p) On or around March 29, 2021, Defendant Burberry wrongfully terminated Plaintiff based on her protected absences.

q) Immediately thereafter, Plaintiff responded to Defendants and stated that she timely complied by sending in the properly completed paperwork on or around March 8, 2021, and confirmed with Mr. Saavedra on or around March 9, 2021.

r) Subsequently, on or about March 30, 2021, Ms. Barquero responded to Plaintiff that she was “escalat[ing] this matter” and that she “will be sending [Plaintiff] an update.” However, on or around April 15, 2021, Defendant Burberry, to discriminate against Plaintiff, doubled down and told her, that they did not receive her completed paperwork.

s) Then, Plaintiff again contacted Hartford, who admitted they had mistakenly sent the wrong paperwork to Ms. Barquero. Hartford told Plaintiff they would advise Defendant Burberry that it was Hartford’s mistake that the wrong paperwork was sent to them.

t) Plaintiff informed Defendant Burberry of Hartford’s mistake, and Burberry told her that they would look into it and get back to her. However, to further evidence discriminatory animus, Defendant Burberry never responded back to Plaintiff.

u) At least through the present day, and continuing, Defendants failed to investigate Plaintiff’s complaints and take appropriate remedial actions and/or rehire Plaintiff.

191. Plaintiff was treated differently, disparately, and negatively because of her sex/gender, female, including but not limited to Defendants discriminating against Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, terminating Plaintiff's employment and/or refusing to return Plaintiff back to work.

192. At all times relevant herein, Plaintiff believes and further alleges that Defendant Burberry and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

193. In doing the acts alleged herein, Defendant Burberry and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's sex/gender, female, and/or association with/advocacy for protected classes.

194. Defendant Burberry had an employment practice of harassment, discrimination, and retaliation that had a disproportionate adverse effect on female individuals.

195. As alleged herein, the aforesaid harassing and discriminatory comments were made in Plaintiff's presence and/or Plaintiff was made aware and/or found out that such comments were being made in the workplace, thereby subjecting Plaintiff to a hostile and discriminatory work environment.

196. By the acts and conduct described above, Defendant Burberry and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the sex/gender and/or associational discrimination. The acts of discrimination described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment.

197. As a result, Plaintiff filed timely charges and complaints of sex/gender and associational harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

198. As a direct and legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

199. As a further legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

200. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

201. As a further direct and legal result of the acts and conduct of Defendant Burberry and DOES 1 through 100, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock,

pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

202. The aforementioned acts of Defendant Burberry and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendant Burberry and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

203. By the aforesaid acts and conduct of Defendant Burberry and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

204. As a result of the harassing acts of Defendant Burberry and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

205. The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

206. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**X.**

**TENTH CAUSE OF ACTION**

**For Sex/Gender Retaliation in Employment**

**[Gov. Code, §§ 12940 et seq.]**

**Against Defendant Burberry & DOES 1 Through 100, Only**

207. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

208. Plaintiff was, at all times material hereto, an employee female who engaged in legally protected activities, including but not limited to complaining about sex/gender and associational harassment and discrimination, and within a protected class covered by Cal. Gov. Code § 12940, prohibiting sex/gender and associational based sex/gender retaliation in employment.

209. Beginning during Plaintiff's employment with Defendant Burberry, and continuing through March 29, 2021, and continuing thereafter, Plaintiff engaged in legally protected activity by complaining and/or protesting against the disparate working terms and conditions and hostile work environment Plaintiff was subjected to based on Plaintiff's sex/gender and association with other female individuals. Plaintiff asserted her legal rights and/or complained and Defendant Burberry subjected Plaintiff to the following retaliatory adverse employment actions, including the following, among others:

a) Plaintiff successfully worked her regular schedule remotely from home all throughout her entire pregnancy—up until approximately two (2) days prior to giving birth.

b) On or around June 24, 2020, Plaintiff went on approved maternity leave.

c) While Plaintiff was on maternity leave, Defendant Burberry, to retaliate against Plaintiff, contacted her to ask her to come back to work early on or around December 14, 2020.

d) Plaintiff notified Defendant Burberry that she was experiencing back pain and requested to continue working remotely as she had done from approximately March 1, 2020, through approximately June 24, 2020.

e) However, to retaliate against Plaintiff, Defendant Burberry refused Plaintiff's reasonable request and did not allow Plaintiff to continue to work remotely, evidencing Defendant's retaliatory animus.

f) Plaintiff could have continued performing her job duties remotely by selling merchandise over the phone to her loyal clients, as this was something she had successfully handled during the height of the Covid-19 pandemic and established a successful working relationship with many of her clients.

g) Thereafter, in or around December 2020, instead of allowing Plaintiff to continue to work, Defendant Burberry, to retaliate against Plaintiff, extended her leave through January 4, 2020, using PTO, thereby exhausting her accrued leave.

h) Then, on or around February 3, 2021, Plaintiff submitted a doctor's note to Burberry that included a 30-day extension, placing her back at work by March 3, 2021. After many attempts to contact Claims Adjuster Jesus Saavedra at Hartford, Plaintiff was finally able to speak with him on or around February 27, 2021, and she was emailed the necessary forms to complete and return.

i) In or around March 2021, Employee Relations Manager Alejandra Barquero, to retaliate against Plaintiff, contacted her and told her she needed to submit additional paperwork for her protected leave to be approved, to which Plaintiff immediately provided the forms to her doctor to fill out.

j) After this conversation, Ms. Barquero emailed Plaintiff stating that Plaintiff had until March 9, 2021 to submit the additional documentation. In response, Plaintiff emailed Ms. Barquero complaining of the mistreatment, specifically that she talked to Mr. Saavedra on February 27, 2021, where he sent her the documents, to which she turned in to her doctor at the last visit. Plaintiff further complained that she did not think the hard deadline Burberry imposed was fair, as Plaintiff was doing everything within her capability to comply.

k) Subsequently, on or about March 8, 2021, Plaintiff complied with Defendant Burberry's additional document demand by sending in the requested paperwork to Mr.

Saavedra. Further, Plaintiff followed up with Mr. Saavedra on or around March 9, 2021, in which Mr. Saavedra confirmed receipt of the required documents.

l) Then, on or around March 16, 2021, when Plaintiff was still on protected medical leave, Defendants, including Defendant Fragoso, to retaliate against Plaintiff, pressured and demanded Plaintiff return to work, telling her, "What's holding you back?" "I think you should be ok with Covid girl, I worked the entire summer pregnant, and it was when the cases were super high."

m) Further, to retaliate against Plaintiff, Defendants, including Defendant Fragoso, pushed Plaintiff to return to work early while she was on protected leave stating, "Also they would like to know that you are coming back now, just cause they are already struggling with short staff."

n) Continuing the retaliatory behavior, Defendants, including Defendant Fragoso, then told Plaintiff while she was still on protected leave, "It's not like you need to work. Why don't you just stay with Carter. You've been with him for this long already lol."

o) Despite Defendant Burberry being informed of Plaintiff's need for more time to recuperate from her disabilities, Defendant Burberry, to retaliate against Plaintiff, made no attempt to engage interactively with her.

p) On or around March 29, 2021, Defendant Burberry wrongfully terminated Plaintiff based on her protected absences.

q) Immediately thereafter, Plaintiff responded to Defendants and stated that she timely complied by sending in the properly completed paperwork on or around March 8, 2021, and confirmed with Mr. Saavedra on or around March 9, 2021.

r) Subsequently, on or about March 30, 2021, Ms. Barquero responded to Plaintiff that she was "escalat[ing] this matter" and that she "will be sending [Plaintiff] an update." However, on or around April 15, 2021, Defendant Burberry, to retaliate against Plaintiff, doubled down and told her, that they did not receive her completed paperwork.

s) Then, Plaintiff again contacted Hartford, who admitted they had mistakenly sent the wrong paperwork to Ms. Barquero. Hartford told Plaintiff they would advise Defendant Burberry that it was Hartford's mistake that the wrong paperwork was sent to them.

t) Plaintiff informed Defendant Burberry of Hartford's mistake, and Burberry told her that they would look into it and get back to her. However, to further evidence retaliatory animus, Defendant Burberry never responded back to Plaintiff.

210. At least through the present day, and continuing, Defendants failed to investigate Plaintiff was treated differently, disparately, and negatively because of her complaints of sex/gender harassment and discrimination, including but not limited to Defendants discriminating against Plaintiff (as aforesaid), failing to initiate and thereafter participate in the mandatory good-faith interactive process to determine the nature and extent of Plaintiff's disabilities and determine whether reasonable accommodations were possible, failing to provide Plaintiff reasonable accommodations, denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, demoting Plaintiff, terminating Plaintiff's employment and/or refusing to return Plaintiff back to work and/or re-hiring Plaintiff.

211. At all times relevant herein, Plaintiff believes and further alleges that Defendant Burberry and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

212. As shown above, Defendant Burberry had an employment practice of harassment, discrimination, and retaliation of employees, that had a disproportionate adverse effect on females.

213. In doing the acts alleged herein, Defendant Burberry and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's sex/gender and/or aforesaid legally protected activities.

214. By the acts and conduct described above, Defendant Burberry and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed

to investigate and/or properly investigate, prevent or remedy the sex/gender retaliation. The acts of retaliation described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment.

215. As a result, Plaintiff filed timely charges and complaints of sex/gender harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

216. As a direct and legal result of the acts and omissions of Defendant Burberry and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

217. The acts and conduct of Defendants Burberry and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning retaliation against persons, such as Plaintiff, on the basis of sex/gender and the prohibition of sex/gender origin-based retaliation.

218. By the acts and conduct described above, Defendant Burberry and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the sex/gender origin retaliation. When Plaintiff was retaliated against, Plaintiff's sex/gender and/or complaints about the unlawful conduct were motivating reasons and/or factors in Defendants' conduct.

219. As a result, Plaintiff filed timely charges and complaints of sex/gender harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing

and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Amended Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

220. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents may have been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff may be incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

221. As a further direct and legal result of the acts and conduct of Defendant Burberry and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

222. The aforementioned acts of Defendant Burberry and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendant Burberry and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages against Defendants Allied in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

223. By the aforesaid acts and conduct of Defendant Burberry and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future,

attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

224. As a result of the retaliatory acts of Defendant Burberry and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

225. FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. Plaintiff is entitled to both declaratory and injunctive relief due to Defendants' conduct.

226. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## XI.

## ELEVENTH CAUSE OF ACTION

**For Intentional Infliction of Emotional Distress**

**Against All Defendants & DOES 1 Through 100, Inclusive**

227. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

228. The aforesaid conduct of Defendants, and each of them, was so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized society and intended to cause and actually did cause Plaintiff to suffer severe emotional distress.

229. Defendants, and each of them, intended to cause and did cause Plaintiff severe emotional distress, as a result of the aforesaid unlawful conduct.

230. Plaintiff did not consent to Defendants' conduct, as herein alleged, and said conduct was unprivileged. Defendants' conduct caused Plaintiff to suffer severe emotional distress.

231. Defendants' conduct continues to cause Plaintiff to suffer severe emotional distress.

232. Further, at all times relevant herein, individual Defendants were agents/employees of Defendant Burberry and DOES 1 through 100, and in doing the acts alleged herein, were acting within the course and scope of their employment with Defendant Burberry and DOES 1 through 100.

233. As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

234. As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and/or thereon alleges, that Plaintiff may in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

235. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and believes, and thereon alleges, that Plaintiff will be partially and/or fully incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damages in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

236. As a further direct and legal result of the acts of Defendants and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and/or permanent emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

237. The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

238. By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

239. As a result of the unlawful acts of Defendants and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in CCP § 1021.5. Plaintiff's action enforces important rights affecting the public interest by bringing forth this lawsuit to ensure Defendants refrain from intentionally inflicting emotional distress on others (employees/coworkers), thereby conferring a significant benefit on the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under CCP § 1021.5.

240. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## XII.

## TWELFTH CAUSE OF ACTION

### For Failure to Prevent and Investigate Harassment, Discrimination, or Retaliation

### [California Government Code § 12940(k)]

### Against Defendant Burberry & DOES 1 Through 100, Only

241. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

242. Defendant Burberry and DOES 1 through 100, by and through its agents and employees were aware of the disability and sex/gender discrimination and harassment of Plaintiff at its workplace.

243. Defendant Burberry and DOES 1 through 100, by and through its agents and employees were aware that Plaintiff and others were harassed, discriminated and retaliated against based upon her disabilities and sex/gender.

244. Defendant Burberry and DOES 1 through 100, by and through its agents and employees failed to investigate either the deplorable conditions of Plaintiff's employment or the harassment and discrimination Plaintiff and others were subjected to by Defendants, including Defendant Fragoso.

245. Defendant Burberry and DOES 1 through 100, by and through its agents and employees failed to take all reasonable steps to prevent the harassment, discrimination, and retaliation of Plaintiff.

246. As a direct and proximate result of Defendant Burberry and DOES 1 through 100's willful, knowing, and intentional acts, and Defendant Burberry and DOES 1 through 100's failure to investigate, and failure to prevent and failure to take appropriate remedial action, Plaintiff has suffered and will continue to suffer mental distress, anguish, indignation, a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial pursuant to Cal. Civil Code § 3294(a) and (b).

247. Defendant Burberry and DOES 1 through 100's acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. As such, punitive damages are warranted against Defendant Burberry and DOES 1 through 100 in order to punish and make an example of their behavior.

248. By the aforesaid acts and conduct of Defendant Burberry and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning

capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

249. As a result of the unlawful conduct of Defendant Burberry and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

250. The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

251. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

WHEREFORE, PLAINTIFF GABRIELA CORTEZ prays for judgment against the Defendants, and each of them, as follows:

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For special damages in an amount within the jurisdictional limits of this Court;
3. For medical expenses and related items of expense, according to proof;
4. For loss of earnings, according to proof;
5. For consequential and incidental damages according to proof;
6. For prejudgment interest according to proof;
7. For declaratory relief against Defendant Burberry;
8. For injunctive relief against Defendant Burberry;
9. For damages, penalties and reasonable attorneys' fees and costs of suit as provided for by Government Code § 12965(b);
10. For punitive and exemplary damages against Defendants, according to proof, as provided for by Civil Code § 3294(a) and (b).
11. For damages, penalties and reasonable attorneys' fees and costs of suit as provided for by Civil Code § 3333;

12. For damages, penalties and reasonable attorneys' fees and costs of suit as provided for by Cal. Civil Code § 1021.5, according to proof;

13. For such other and further relief as the Court may deem just and proper.

Dated: September 6, 2023

**REISNER & KING LLP**

By: *[/s/ Zachary Wagner]*

ZACHARY WAGNER, ESQ.
Attorneys for PLAINTIFF
GABRIELA CORTEZ

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 21, 2022

Adam Reisner
15303 VENTURA BLVD STE 1260
Sherman Oaks, CA 91403

RE: **Notice to Complainant's Attorney**
CRD Matter Number: 202211-18943421
Right to Sue: Cortez / Burberry Limited et al.

Dear Adam Reisner:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 21, 2022

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202211-18943421
Right to Sue: Cortez / Burberry Limited et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD)) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Gabriela Cortez CRD No. 202211-18943421

Complainant,

vs.

Burberry Limited
6600 Topanga Canyon Blvd. 1082F
Canoga Park, CA 91303

Ana Fragoso
,

Respondents

---

**1.** Respondent **Burberry Limited** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **Ana Fragoso** individual as Co-Respondent(s).

**3**. Complainant **Gabriela Cortez**, resides in the City of **Sherman Oaks,** State of **CA.**

**4**. Complainant alleges that on or about **May 2, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, disability (physical or mental), association with a member of a protected class, family care or medical leave (cfra), pregnancy, childbirth, breast feeding, and/or related medical conditions.

**Complainant was discriminated against** because of complainant's sex/gender, disability (physical or mental), other, pregnancy, childbirth, breast feeding, and/or related medical conditions, association with a member of a protected class, family care or medical leave (cfra) and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied accommodation for pregnancy, denied employer paid health care

while on pregnancy disability leave, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care or medical leave (cfra) and as a result was terminated, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied accommodation for pregnancy, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Additional Complaint Details:** Cortez was harassed, discriminated and retaliated against, and wrongfully terminated due to her pregnancy, gender, disability, high risk pregnancy, and for taking protected leave, PDLL, CFRA and FEHA. Cortez was out on pregnancy leave; supervisor Ana sent a DM through Instagram to Cortez telling her that she should let them know when she was intending to come back from pregnancy leave. "What's holding you back" "I think you should be ok with Covid girl, I worked the entire summer pregnant, and it was when cases were super high." "Also they would like know that you are coming back now, just cause they are already struggling with short staff." Defendants failed to accommodate Cortez declined her request to work remotely despite her having done so successfully before, and then pressured Cortez to return back to work. Defendants told Cortez that she had failed to submit the appropriate doctor's note to grant her a reasonable accommodation of an extension, through April 2, 2021. Hartford admitted to Cortez that they had made a mistake by giving Cortez the wrong paperwork, and claimed they would inform Burberry of the mistake, and would contact her, but they never did. Defendants terminated P due to her pregnancy, and for taking protected leave. Defendants failed to accommodate and failed to engage in good faith interactive process and failed to investigate and take appropriate remedial action.

VERIFICATION

I, **Adam Reisner**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On November 21, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sherman Oaks, California**

# EXHIBIT B

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

Civil Rights Department KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

November 21, 2022

Gabriela Cortez
c/o Reisner & King LLP 15303 Ventura Blvd. Ste 1260
Sherman Oaks, CA 91403

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202211-18943421
Right to Sue: Cortez / Burberry Limited et al.

Dear Gabriela Cortez:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective November 21, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically FILED by Superior Court of California, County of Los Angeles 9/06/2023 11:57 AM David W. Slayton, Executive Officer/Clerk of Court, By Y. Marks, Deputy Clerk

**NOTICE TO DEFENDANT:** BURBERRY LIMITED., a corporation;
***(AVISO AL DEMANDADO):*** ANA FRAGOSO, an individual; and DOES 1 THROUGH 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** GABRIELA CORTEZ
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER: 23STCV21363
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: ADAM REISNER, ESQ.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Reisner & King LLP
15303 Ventura Blvd., Ste. 1260, Sherman Oaks, California 91403 818-981-0901

DATE: *(Fecha)* 09/06/2023 Clerk, by *(Secretario)* David W. Slayton, Executive Officer/Clerk of Court Y. Marks, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): ADAM REISNER, ESQ. SBN: 204351
Reisner & King LLP
15303 Ventura Blvd., Ste. 1260, Sherman Oaks, California 91403
TELEPHONE NO.: 818-981-0901 FAX NO. (Optional): 818-981-0902
E-MAIL ADDRESS: adam@reisnerlaw.com
ATTORNEY FOR (Name): GABRIELA CORTEZ

FOR COURT USE ONLY

**Electronically FILED by Superior Court of California, County of Los Angeles 9/06/2023 10:19 AM David W. Slayton, Executive Officer/Clerk of Court, By E. Galicia, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: CORTEZ V. BURBERRY LIMITED, et al.

**CIVIL CASE COVER SHEET**

[X] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 23STCV21363

JUDGE:

DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: 12
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9/6/2023

ADAM REISNER, ESQ.
(TYPE OR PRINT NAME)

▶ ______________________
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
  - Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SHORT TITLE CORTEZ V. BURBERRY LIMITED, ET AL | CASE NUMBER 23STCV21363

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action (check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE CORTEZ V. BURBERRY LIMITED, ET AL | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE CORTEZ V. BURBERRY LIMITED, ET AL | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels __________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE CORTEZ V. BURBERRY LIMITED, ET AL | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE CORTEZ V. BURBERRY LIMITED, ET AL | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: 6600 Topanga Canyon Blvd. |
|---|---|---|---|
| CITY: Canoga Park | STATE: CA | ZIP CODE: 91303 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 9/6/2023

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
09/06/2023
David W. Slayton, Executive Officer / Clerk of Court
By: E. Galicia Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

# NOTICE OF CASE ASSIGNMENT

# UNLIMITED CIVIL CASE

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
23STCV21363

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Theresa M. Traber | 47 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on 09/06/2023 (Date)

David W. Slayton, Executive Officer / Clerk of Court
By E. Galicia, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

FILED
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By Rizalinda Mina, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT – MANDATORY ELECTRONIC FILING FOR CIVIL

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under “Courtroom Information.”

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019

KEVIN C. BRAZILE
Presiding Judge

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

**Superior Court of California County of Los Angeles**

**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**

**Consumer Attorneys Association of Los Angeles**

**Southern California Defense Counsel**

**Association of Business Trial Lawyers**

**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ______________ (INSERT DATE) for the complaint, and ______________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)



Print Save Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

**The following parties stipulate:**

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________________)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________________)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________________)

Print Save Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _______________ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _______________ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR ______________________)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR ______________________)

Date:

➢

(TYPE OR PRINT NAME) (ATTORNEY FOR ______________________)

**THE COURT SO ORDERS.**

Date: ______________________

JUDICIAL OFFICER

Print Save Clear

FILED
LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK
N. Navarro
BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| General Order Re Use of Voluntary Efficient Litigation Stipulations | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*:<br>**Reisner & King**<br>**15303 Ventura Blvd., Suite 1260**<br>**Sherman Oaks, CA 91403**<br>TELEPHONE NO.: **818-981-0901** FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: **GABRIELA CORTEZ** | ***FOR COURT USE ONLY***<br>**Electronically FILED by Superior Court of California, County of Los Angeles 9/13/2023 5:11 PM David W. Slayton, Executive Officer/Clerk of Court, By A. Simmons, Deputy Clerk** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: **111 North Hill Street**<br>MAILING ADDRESS: **111 North Hill Street**<br>CITY AND ZIP CODE: **Los Angeles 90012**<br>BRANCH NAME: **Central District, Stanley Mosk Courthouse** | |
| PLAINTIFF/PETITIONER: **GABRIELA CORTEZ** | CASE NUMBER:<br>**23STCV21363** |
| DEFENDANT/RESPONDENT: **BURBERRY LIMITED., A CORPORATION; ANA FRAGOSO, AN INDIVIDUAL; AND DOES 1 THROUGH 100, INCLUSIVE** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**Cortez v. Burberry** |

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents)*:
**SUMMONS; COMPLAINT FOR DAMAGES; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; FIRST AMENDED GENERAL ORDER; NOTICE OF CASE ASSIGNMENT; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; (BLANK) STIPULATION- EARLY ORGANIZATIONAL MEETING; (BLANK) STIPULATION- DISCOVERY RESOLUTION; (BLANK) INFORMAL DISCOVERY CONFERENCE; (BLANK) STIPULATION AND ORDER- MOTIONS IN LIMINE; ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION**

3. a. Party served *(specify name of party as shown on documents served)*:
**Burberry Limited**

b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a )*:
**CSC Lawyers Inc. Service, REGISTERED AGENT**

4. Address where the party was served:
**2710 Gateway Oaks Drive, Sacramento, CA 95833**

5. I served the party *(check proper box)*

a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **09/11/2023** at *(time)*: **2:43 PM**

b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

(1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

(2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

(3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

| PLAINTIFF/PETITIONER: GABRIELA CORTEZ | CASE NUMBER: 23STCV21363 |
|---|---|
| DEFENDANT/RESPONDENT: BURBERRY LIMITED., A CORPORATION; ANA FRAGOSO, AN INDIVIDUAL; AND DOES 1 THROUGH 100, INCLUSIVE | |

(4) ☐ I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify)* **Burberry Limited c/o CSC Lawyers Inc. Service, REGISTERED AGENT**

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**

a. Name: **Kenneth Woo**
b. Address: **4010 Foothills Blvd, Suite 103-73, Roseville, CA 95747**
c. Telephone number: **916-796-2799**
d. The fee for service was: **$ 68.50**
e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ registered California process server:
(i) ☐ owner ☐ employee ☒ independent contractor. For: **ABC Legal Services, LLC**

(ii) ☒ Registration No.: **16-003** Registration #: **6779**

**BY FAX**

(iii) [X] County: **Placer County CA** County: **Los Angeles**

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [ ] **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 09/11/2023

**Kenneth Woo**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)