JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 23-8580 PA (JCx) | Date | October 16, 2023 |
|---|---|---|---|
| Title | Gabriela Cortez v. Burberry Limited, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Burberry Limited
("Defendant"). Defendant contends that this Court possesses subject matter jurisdiction over the
action filed by plaintiff Gabriela Cortez ("Plaintiff") based on the Court's diversity jurisdiction
under 28 U.S.C. § 1332.

"Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only
over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian
Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal
court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).
"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal
statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc.,
167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt
as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.
1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that (1) there is
complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds
$75,000. See 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be
domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley
Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside
with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co.,
265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both its state of incorporation
and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also
New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). The citizenship
of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP,
437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of
which its owners/members are citizens.").

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 23-8580 PA (JCx) | | Date | October 16, 2023 |
|---|---|---|---|---|
| Title | Gabriela Cortez v. Burberry Limited, et al. | | | |

     Here, Defendant alleges and recognizes in its Notice of Removal that both Plaintiff and individual defendant Ana Fragoso ("Fragoso") are citizens of California, but alleges that Fragoso is a "sham" defendant, and that her citizenship may be disregarded for purposes of establishing diversity.  (Notice of Removal at 5:15-22.)  In arguing that Fragoso is a "sham" defendant, Defendant contends that she is fraudulently joined.  There is an exception to the complete diversity rule for fraudulently joined or "sham defendants."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes.  See Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009).  Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  See Morris, 236 F.3d at 1067.

     "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant.  See id. at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant.").  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party."  Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)).  A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'"  Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

     Plaintiff's Complaint alleges eleven causes of action relating to the termination of her employment, including several causes of action based on allegations of disability and sex/gender harassment, discrimination and retaliation.  Based on the record before it, the Court cannot conclude that Plaintiff would not be afforded leave to amend her Complaint to state a viable claim against Fragoso.  See Rehmani v. Superior Court, 204 Cal. App. 4th 945, 951, 139 Cal.

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 23-8580 PA (JCx) | Date | October 16, 2023 |
|---|---|---|---|
| Title | Gabriela Cortez v. Burberry Limited, et al. | | |

Rptr. 3d 464, 468 (2012) ("[Harassment under FEHA] can take the form of discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.  Moreover, harassing conduct takes place outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives."); see also Roby v. McKesson Corp., 47 Cal. 4th 686, 706, 101 Cal. Rptr. 3d 773, 788 (2009) (concluding that, unlike discriminatory conduct, harassment "often does not involve any official exercise of delegated power on behalf of the employer").

Defendant has therefore failed to meet its "heavy burden of persuasion" to establish that Fragoso is fraudulently joined, and the Court will not ignore her citizenship for purposes of evaluating whether diversity jurisdiction exists.  Because Plaintiff and Fragoso are not completely diverse, the Court concludes that Defendant has not established that the Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332.   See Nation v. Bayer Healthcare Pharmaceuticals, Inc., No. CV 13-4689 AG (ANx), 2013 WL 12144106, at *2 (C.D. Cal. Aug. 19, 2013) ("The Complaint may indeed be deficient as accused, but leave to amend those deficiencies would be appropriate.  And, Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency."  (internal quotations omitted))

For all of the foregoing reasons, Defendant has failed to meet its burden of demonstrating the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. 23STCV21363, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.